UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER DESHAWN BUTLER,<br><br>      Petitioner,<br><br>  v.<br><br>SHERIFF DEPARTMENT OF<br>RIVERSIDE COUNTY, et al.,<br><br>      Respondents. | Case No. EDCV 13-2153-MWF(AJW)<br><br>MEMORANDUM AND ORDER<br>DISMISSING PETITION<br>WITHOUT PREJUDICE AND<br>WITH LEAVE TO AMEND |

On October 28, 2013, petitioner filed this petition for a writ of habeas corpus.[1] Petitioner alleges the following as grounds for relief:

> Affidavit of complaint of a tort crime, a civil wrong intentional[ly] done, w[h]ich causes injury and damage to I Christopher Deshawn Butler and daughter S.N.B. Things that are protected by law. Against the above defendants, abduction criminal wrongful act of force by taking away another person through fraud, persuasion of violence.

---

[1] The petition was filed in the United States District Court for the District of Columbia, and transferred to this Court on November 22, 2013.

Foreng [sic] I to do business without a contract agreement, no notary enpowered [sic] to witness and certify documents. No federal copy rights [sic] law.

Complaint against the above Defendants for violating Christopher Deshawn Butler Constitution on 05-14-2013 Case #RIF10304187 #JU131340063. Judicial immunity is not provided under the Civil Rights Act of 1964 and state courts may be sued for such relief.

Complaint against the above Defendants. For not being in a Federal Jurisdiction. Plac[ing] the public official in high misdemeanor and also for violating all of my Constitutional Rights. The above Defendants as being holding] I Christopher Deshawn Butler, without bail. Amendment VIII - Excessive Bail, Amendment XIV - Citizenship; Privileges and Immunities. Due Process: Equal Protection. Article VI - Debts Validated - Supreme Law of Land - Oath of Office. Also Requesting 832.5 Citizens Complaints against Peace Offices....

[Petition at 2-3].

As relief, petitioner requests (1) "a trial by jury for this tort crime;" (2) "that my daughter S.N.B. is given back;" (3) imposition of a "not for profit fine on all of the above defendants of 30,000,000 each for [sic] the healing process can finally begin;" and (4) the federal government protect the Constitution by arresting and charging "any and all" for conspiracy, kidnapping, and false imprisonment. [Petition at 7].

For the following reasons, the petition is subject to summary dismissal.

To begin with, it is not clear whether or why petitioner is in custody.[2] Assuming petitioner is (or was) in custody and seeks to challenge the legality of that custody, the Court cannot discern the factual or legal basis for petitioner's claims. Instead, petitioner's allegations are vague, conclusory, and unintelligible.

Further, to the extent that petitioner's allegations are comprehensible, they do not appear to be related to the constitutional validity of petitioner's current custody. Therefore, these allegations cannot serve as a basis for federal habeas relief. See Wilkinson v. Dobson, 544 U.S. 74, 78 (2005) (noting that as a general rule, a claim challenging the fact or duration of a prisoner's confinement should be presented in a habeas corpus petition, while a claim challenging the conditions of confinement should be presented in a civil rights action); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003) (explaining that where a petitioner's claims, even if successful, would not shorten the duration of his custody, jurisdiction under 28 U.S.C. §2254 is absent), cert. denied, 541 U.S. 1063 (2004).[3]

---

[2] At the time he filed the petition, petitioner indicated his address was Patton State Hospital. [Petition at 1]. Mail sent to this address by the Clerk, however, was returned as undeliverable on December 5, 2013, with a notation that petitioner was "Gone." Petitioner filed a notice of change of address on ****, indicating ****. The basis for petitioner's placement in Patton State Hospital is not clear. Nor is it clear whether petitioner's custody has now ended or whether petitioner remains subject to some other type of state custody.

[3] Petitioner may have intended to file a civil rights action. While a federal court has discretion to recharacterize a mislabeled habeas corpus petition as a civil rights action and to permit the action to proceed as such, ordinarily such a recharacterization is inappropriate. Because of the filing fee requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), its provisions requiring sua sponte review of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis, a prisoner should not be obligated to proceed with a civil rights action unless it is clear that he or she wishes to do so.

Based upon the foregoing deficiencies, the petition is dismissed without prejudice and with leave to amend. Petitioner shall, within twenty-eight (28) days of the date of this order, file an amended petition curing the deficiencies noted above. The amended petition shall be filed <u>on the forms provided by the Clerk</u> and shall bear the case number EDCV 13-2153-MWF(AJW), shall include information regarding the conviction or decision petitioner intends to challenge, shall provide the specific legal and factual basis for his claims for relief, and shall indicate whether he has presented each claim to the California Supreme Court. Petitioner is cautioned that failure to file an amended petition within the time provided may result in dismissal of this petition without prejudice.

It is so ordered.

Dated: <u>December 18, 2013</u>

_____
Andrew J. Wistrich
United States Magistrate Judge

---

See 28 U.S.C. § 1915; 42 U.S.C. § 1997e; see generally Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir.)("[W]e think it worth reminding the district courts not to recharacterize a prisoner's petition for habeas corpus as a prisoner civil rights complaint without his informed consent....")cert. denied, 132 S.Ct. 397 (2011); cf. Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997)(stating that a court should not convert a civil rights action into habeas petition due to the implications of the abuse of the writ doctrine).